IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**DAISY TORRES**,

    Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**,

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

TO:    PLAINTIFF AND HER ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Defendant State Farm Mutual Automobile Insurance Company, by and through its counsel, Katie B. Johnson and Claire Y. Lee-Hsu of Sutton | Booker | P.C., hereby submits the following Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1:

## INTRODUCTION AND BASIS FOR REMOVAL

1.    State Farm Mutual Automobile Insurance Company ("State Farm") is the Defendant in the above-titled action, originally filed in the District Court, Denver County, Colorado, Case No. 2025CV031131. On March 26, 2025, Plaintiff Daisy Torres filed her Complaint in the Denver County District Court of Colorado. Plaintiff asserts claims against State Farm for Breach of Contract – UIM Benefits, First Part (sic) Statutory Claim Pursuant to C.R.S. 10-3-1116, and Bad Faith. *See generally* Plaintiff's Complaint and Jury Demand, **Exhibit A**.

2. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of all actions between the citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

3. The present action is between citizens of different states.

4. Plaintiff is a citizen of Colorado. "[A] person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). A party's domicile is based on a consideration of several factors, including but not limited to the party's residency, work address, vehicle registration, real property ownership, voter registration and voting practices, bank account locations, group/club membership, driver's license, and tax payment. *Ordonez v. Am. Auto. Ins. Co.*, No. 18-cv-02906-PAB, 2018 WL 6075251, at *2 (D. Colo. Nov. 21, 2018) (citing *Middleton*, 749 F.3d at 1200-01, and *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016)). These factors point to Plaintiff's domicile being in Colorado. First, Plaintiff asserts in her Complaint that she is a resident of the City of Denver, State of Colorado. *See* **Exhibit A**, ¶1, p. 7. Defense counsel has reviewed background information indicating that Plaintiff currently resides in Arapahoe County, Colorado at an address she has been associated with since 2023; and, her previous residential address was also in Arapahoe County, at the same address indicated within the Complaint, which she had

been associated with since 2010. *Id.* Further, defense counsel has reviewed background information indicating Plaintiff has at least one motor vehicle registered at her current residential address in Arapahoe County, Colorado.

5. State Farm Mutual Automobile Insurance Company is incorporated in and has a principal place of business in Illinois, and thus, Defendant is a citizen of Illinois for the purpose of diversity jurisdiction. *See* Documents on File with the Colorado Secretary of State, **Exhibit B**. Accordingly, diversity of citizenship jurisdiction exists between Plaintiff and Defendant.

6. The amount in controversy exceeds $75,000. Plaintiff alleges her damages include economic and non-economic injuries, losses, and damages, including but not limited to, significant past and future medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency, physical impairment, and disability, *see* **Exhibit A** at ¶ 56; and she seeks a judgment in excess of $100,000.00, exclusive of interest and costs. *See* District Court Civil Case Cover Sheet, **Exhibit C**. *See also: Paros Properties, LLC v Colorado Cas. Ins. Co.,* 835 F.3d 1264, 1272 (10th Cir. 2016) ("There is no ambiguity in the [Civil Case] cover sheet.")

7. Therefore, as the diversity of citizenship and amount in controversy requirements have been met, this Court has original jurisdiction of this matter. Accordingly, Plaintiff's action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

8. This Notice of Removal is timely under 28 U.S.C. §1446(b). Defendant has thirty (30) days from the date it was served with a copy of the initiating pleading issued

by Plaintiff to remove the case. Defendant was served with Plaintiff's Complaint and Jury Demand on March 28, 2025. *See* Affidavit of Service as to Defendant State Farm, **Exhibit D**. Thus, the deadline for Defendant to file a Notice of Removal is April 27, 2025.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Defendant has complied with the procedural requirements of 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.

10. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly provided to Plaintiff's counsel and filed with the Clerk of Court for the District Court for the County of Denver in Civil Action No. 2025CV031131, along with a Notice of Intent to Remove. *See* **Exhibit E**.

11. A copy of all process, pleadings, and orders from the underlying state action are attached. In addition to those documents mentioned above, the Summons to Defendant is attached as **Exhibit F**. The register of actions for the district court case is attached as **Exhibit G**. No trial, hearings, or other proceedings are currently scheduled in the District Court for the County of Denver. The process, pleadings, and orders are captioned as follows:

    **Exhibit A**    Complaint and Jury Demand

    **Exhibit C**    District Court Civil Case Cover Sheet

    **Exhibit D**    Affidavit of Service as to Defendant State Farm

    **Exhibit F**    Summons to Defendant State Farm Mutual Automobile Insurance Company

    **Exhibit H**    Pre-Trial Order

**Exhibit I**    Delay Reduction Order

**Exhibit J**    State Farm's Unopposed Motion for Extension of Time to Respond to Complaint

**Exhibit K**    Order Granting State Farm's Unopposed Motion for Extension of Time to Respond to Complaint

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441, Defendant respectfully requests that this case be removed from the District Court for the County of Denver, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that Defendant be afforded such further relief as this Court deems just and appropriate.

Respectfully submitted this 25th day of April, 2025.

*/s/ Katie B. Johnson*
Katie B. Johnson
Claire Y. Lee-Hsu
Sutton | Booker | P.C.
4949 S. Syracuse St., Ste. 500
Denver, Colorado 80237
Telephone: 303-730-6204
Facsimile: 303-730-6208
E-Mail: kjohnson@suttonbooker.com
E-Mail: clee-hsu@suttonbooker.com
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2025, I electronically filed a true and correct copy of the above and foregoing Defendant's Notice of Removal with the Clerk of Court using the CM/ECF system and served via electronic mail to the following:

Theodore R. Ridder
Ridder Law, LLC
1575 Race St.
Denver, Colorado 80206
*Attorneys for Plaintiff*

                                            */s/ Kayla Elizabeth O'Grady*
                                            *A duly signed original is on file at*
                                            *Sutton | Booker | P.C.*